# IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CARIN WOLKENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| MUCH SHELIST DENENBERG | ) | |
| AMENT & RUBENSTEIN, P.C. | ) | |
| an Illinois corporation; | ) | |
| HAROLD DEMBO, an individual; and | ) | |
| MICHAEL WOLFE, an individual | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Much Shelist Denenberg Ament & Rubenstein, P.C., Harold Dembo and Michael Wolfe (collectively referred to as "Defendants"), by its attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This action may be removed because this Court has original jurisdiction over the Complaint pursuant to 28 U.S.C. §§ 1331 and 1367(a). In support of removal, Defendants states as follows:

### PROCEDURAL REQUIREMENTS

1.     On March 1, 2011, Plaintiff Carin Wolkenberg ("Plaintiff") filed a complaint against Defendants in the Circuit Court of Cook County, Illinois (the "Complaint").

2.     Plaintiff alleges that she was not paid overtime for work performed. (Compl. ¶ 41).

3.     Plaintiffs' Complaint asserts three causes of action against Defendants: Count One: that Defendants violated the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") by failing to pay Plaintiff for work performed in excess of forty (40) hours per week; Count Two: that Defendants violated the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") by failing to pay Plaintiff for certain hours worked; and Count Three: that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") by failing to pay Plaintiff for work performed in excess of forty (40) hours per week.

4.     On March 17, 2011, Defendants were served with the Complaint. Copies of the Complaint and the Certificate of Service, which constitute all process, pleadings and orders served upon Defendants, are attached hereto as Exhibit A.

5.     Defendants' Notice of Removal is timely pursuant to 28 U.S.C. § 1446, because it is filed within 30 days of the date on which Defendants were served with the Complaint.

6.     Written notice of the filing of this Notice of Removal and supporting papers have been given to Plaintiff and copies of these papers have been or will be served on Plaintiffs and filed with the Clerk of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

7.     Venue is proper in this District under 28 U.S.C. § 1391.

## STATUTORY GROUNDS FOR REMOVAL

8.     The federal removal statute provides:

(a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

2

for the district and division embracing the place where such action is pending. . . .

(b)    Any civil action of which the district courts have original jurisdiction founded on the claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties . . .

28 U.S.C. § 1441(a) & (b).

9.    Federal district courts have "original jurisdiction" for all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Likewise, the FLSA provides that "[a]n action to recover the liability prescribed in [the FLSA] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees . . ." 29 U.S.C. § 216(b).

10.    Thus, Defendants may remove this action pursuant to 28 U.S.C. § 1441(b) because Plaintiff's Count Three explicitly arises under the FLSA.

11.    The state law claims asserted in the Complaint are integrally related to Plaintiff's federal claim and thus form a part of the same case or controversy. Accordingly, this Court has supplemental jurisdiction over Count One and Count Two of Plaintiff's Complaint under 28 U.S.C. § 1367(a).

## CONCLUSION

WHEREFORE, Defendants Much Shelist Denenberg Ament & Rubenstein, P.C., Harold Dembo and Michael Wolfe respectfully remove this action to federal court pursuant to 28 U.S.C. §§ 1441 and 1446.

3

Respectfully submitted,

**MUCH SHELIST DENENBERG AMENT &
RUBENSTEIN, P.C.; HAROLD DEMBO; and
MICHAEL WOLFE**

Dated: April 13, 2011     By:    /s/Nadine C. Abrahams
                                 One of Their Attorneys

Nadine C. Abrahams, Esq.
Stephanie E. Handler, Esq.
Jackson Lewis LLP
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
Tel: (312) 787-4949
Fax: (312) 787-4995

4

## CERTIFICATE OF SERVICE

I, Nadine C. Abrahams, an attorney, certify that on this 13th day of April, 2011, I caused a true and correct copy of the foregoing Defendant's Notice of Removal to be served via first class mail upon the following:

>Ruth I. Major
>Laura Rawski
>The Law Offices of Ruth I. Major, PC
>225 W. Washington
>Suite 2200
>Chicago, Illinois 60606

By:/s/ Nadine C. Abrahams
       Nadine C. Abrahams

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CARIN WOLKENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No |
| | ) | |
| MUCH SHELIST DENENBERG AMENT & | ) | JURY TRIAL DEMANDED |
| RUBENSTEIN, P.C., an Illinois corporation; | ) | |
| HAROLD DEMBO, an individual; and | ) | |
| MICHAEL WOLFE, an individual. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Carin Wolkenberg, by her undersigned attorneys, for her Complaint against Much

Shelist Denenberg Ament & Rubenstein, P.C., ("Much Shelist"), Harold Dembo ("Dembo"), and

Michael Wolfe ("Wolfe"), collectively referred to as "Defendants," alleges as follows:

### NATURE OF THE CASE

1.      Carin Wolkenberg was hired as a paralegal in the commercial real estate department

at Much Shelist in April 2007. Every day, she was required to sign in and sign out, giving Much

Shelist written documentation of the hours she worked.

2.      In the instances she worked less than 40 hours per week for reasons other than when

she took sick leave, Much Shelist required that vacation time be used for the missing hours.

3.      In the instances in which she worked more than 40 hours per week, Much Shelist

required Ms. Wolkenberg to enter that time into a separate computer program in addition to

recording the time on the sign-in sheets. Once the time was entered in, the entry was saved and

automatically sent to a billing partner at the firm for computerized approval. If the partner decided

to approve the overtime in the system, Ms. Wolkenberg was paid. If the billing partner did not approve the overtime in the system, Ms. Wolkenberg was not paid, despite the fact that the partner was aware she was working overtime, was billing for the work she performed overtime, and expected that she perform the overtime work to meet the partner's deadlines.

4.      Ms. Wolkenberg learned early on in her tenure at Much Shelist that certain partners, including Mr. Dembo, did not think that paralegals should be paid overtime. They made clear to her that her job would be in danger if she persisted in asking that she be paid for all of the work she had been ordered to do. Through this action, Ms. Wolkenberg seeks relief for violation of the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage Law, and the Fair Labor Standards Act.

## THE PARTIES

5.      Plaintiff Carin Wolkenberg is a resident of Illinois.

6.      Defendant Much Shelist Denenberg Ament & Rubenstein, P.C., is an Illinois corporation headquartered in Chicago, Illinois.

7.      Defendant Harold Dembo is a resident of Illinois and an equity partner in Much Shelist.

8.      Defendant Michael Wolfe is a resident of Illinois and an equity partner in Much Shelist.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this matter as Ms. Wolkenberg, Mr. Dembo and Mr. Wolfe are all residents of Illinois and Defendant Much Shelist is an Illinois corporation.

2

10.     Venue is proper in this district pursuant to 735 ILCS 5/2-101 because some or all of the predominant transactions at issue took place in Cook County.

## FACTS COMMON TO ALL COUNTS

11.     Ms. Wolkenberg was employed as a paralegal at Much Shelist from April 2007 until May 2010. In that position, she was not required to have a degree from a four-year college nor was the position considered a management position and she did not supervise any staff.

12.     Ms. Wolkenberg spent nearly all of her time working on commercial real estate closings. Any specialized training she had in real estate came through her work as a paralegal.

13.     Whether she had work assignments was contingent on a partner asking that she get involved in a closing. During her tenure at Much Shelist, approximately 65% of her work was done for Harold Dembo. Approximately 10% of her work was for Michael Wolfe.

14.     All of her work was done under the supervision of an attorney and was primarily focused on preparing and reviewing forms related to the closing.

15.     Because the work was time sensitive, Ms. Wolkenberg often had to work more than 40 hours per week.

16.     In 2008, 2009 and part of 2010, Ms. Wolkenberg routinely worked in excess of 40 hours per week and was among the most productive paralegals in the firm.

17.     Ms. Wolkenberg was paid a salary that presumed she worked 40 hours per week.

18.     Each day she came to work, she was required to sign in upon her arrival, sign out if she took a lunch break, sign back in when done with lunch, and sign out when she left for the day.

19.     Those sign-in sheets were sent to Human Resources, the department that oversaw payment.

3

20.    In weeks that she worked less than 40 hours for reasons other than sick leave, she had to apply her vacation time to however many hours less than 40 she had worked.

21.    When Ms. Wolkenberg worked more than 40 hours in a week, even though Much Shelist knew from her time sheets that she had done so, she was required to fill out an online form requesting overtime pay.

22.    If Ms. Wolkenberg did not specifically request that she be paid overtime for the work she had already done, Much Shelist did not pay her.

23.    Upon entering her hours indicating she had worked overtime, she still was not paid for those hours unless a billing partner at the firm approved it in the computer system, despite the fact that the partners with whom she was working were aware she was working overtime, billed for her overtime work, and expected her to work the overtime to meet the partners' deadlines.

24.    It did not matter which lawyer assigned the overtime work to Ms. Wolkenberg, only the billing partner on a particular case could actually approve the payment for that overtime work. In many instances, nobody even told Ms. Wolkenberg who the billing partner was on a particular case she was assigned to work on.

25.    If the partner approved it in the computer system, the overtime pay showed up in her next paycheck. If the partner did not approve it in the computer, the money was not paid.

26.    In other words, if Ms. Wolkenberg worked overtime, she was not paid unless she kept track of her time and entered the hours into a system in addition to the time sheets she filled out. If she entered the time into that system, she was not paid unless a partner approved it. And if the partner refused to approve it, nobody at Much Shelist told Ms. Wolkenberg. It was up to her to notice whether she was paid for it and if she was not, the onus was on her to do something about it.

4

27.     Early in Ms. Wolkenberg's tenure in 2007, she had to work overtime to finish work assigned to her by Mr. Dembo. She worked the requisite hours and filled out the online form.

28.     Mr. Dembo was an employer of Ms. Wolkenberg's in that he acted directly or indirectly in the interest of Much Shelist in relation to Ms. Wolkenberg.

29.     Upon receiving her next paycheck, she noticed that she had not been paid for her overtime hours and she asked Carol Restivo about it. Ms. Restivo stated that Ms. Wolkenberg would need to speak to Mr. Dembo about it. When Ms. Wolkenberg approached Mr. Dembo, he responded that he would get to it.

30.     When the next paycheck came and she still was not compensated for her overtime hours, Ms. Wolkenberg raised the issue again with Carol Restivo, who had to intervene.

31.     Ms. Wolkenberg was finally paid for the overtime she worked but was soon approached by Mr. Dembo who told her that she should not have asked for overtime and said that at his previous law firm, paralegals were not paid overtime.

32.     Mr. Dembo then waited approximately a month before he gave Ms. Wolkenberg more work to do, sending the clear message that she should not ask for overtime pay if she wanted to get enough billable hours to keep her job.

33.     Not long thereafter in 2007, Ms. Wolkenberg did some overtime work for Michael Wolfe, another partner at the firm, and entered the appropriate information into the online program.

34.     When she was not paid for that work, Ms. Wolkenberg approached Mr. Wolfe who simply told her he was refusing to sign off on her overtime hours.

35.     Mr. Wolfe was an employer of Ms. Wolkenberg's in that he acted directly or indirectly in the interest of Much Shelist in relation to Ms. Wolkenberg.

36.     Throughout her tenure at Much Shelist, numerous attorneys who were not billing partners assigned work to Ms. Wolkenberg that required her to work overtime. Those attorneys include, but are not limited to, Gary Auerbach, Jonathan Ruby, and Myles Cochran.

37.     In the case of Mr. Auerbach, who Ms. Wolkenberg did a substantial amount of work for, when Ms. Wolkenberg asked him about overtime pay, he explicitly told her that he was authorized to order her to perform overtime work, but he was not authorized by the firm to sign her overtime request because he was not a partner.

38.     Eventually, Ms. Wolkenberg returned to Ms. Restivo to say she did not want to have to both figure out which partners could authorize the overtime Ms. Wolkenberg had already been ordered to work and have to fight with the partners about whether they were the ones who had to authorize it and whether they should. Ms. Restivo replied that that was the system at Much Shelist.

39.     By late 2007, Ms. Wolkenberg came to realize that if she wanted to continue to work at Much Shelist, she was going to have to work overtime hours without getting compensated for them.

40.     At some point in mid to late 2008, that was confirmed at a meeting with Steven DeGraff, a partner who is also on the Executive Committee. Mr. DeGraff summoned all of the firm's paralegals to explain the rules at Much Shelist, which included not getting paid for overtime. When questioned, Mr. DeGraff commented that that was how things worked there, that the paralegals should be glad they have jobs, and that there were 10 people waiting for each job so they were all easily replaceable.

41.     Ms. Wolkenberg estimates that she worked a minimum of 490 hours of overtime for which she not compensated from March 1, 2008 until she was terminated.

42.     On February 11, 2011, Ms. Wolkenberg, through counsel, sent a letter to Much Shelist pursuant to 705 ILCS 225/1. In that letter, Ms. Wolkenberg demanded $29,864.52 to settle her wage claims with Much Shelist. (A true and correct copy of this letter is attached hereto as Exhibit A).

43.     On February 15, 2011, through counsel, Much Shelist rejected Ms. Wolkenberg's offer.

44.     On February 22, 2011, Ms. Wolkenberg, through counsel, sent a letter to Michael Wolfe pursuant to 705 ILCS 225/1. In that letter, Ms. Wolkenberg demanded $2,986.45 to settle her wage claims with Mr. Wolfe. (A true and correct copy of this letter is attached hereto as Exhibit B).

45.     On February 22, 2011, Ms. Wolkenberg, through counsel, sent a letter to Harold Dembo pursuant to 705 ILCS 225/1. In that letter, Ms. Wolkenberg demanded $19,411 to settle her wage claims with Mr. Dembo. (A true and correct copy of this letter is attached hereto as Exhibit C).

46.     On February 24, 2011, through counsel, Mr. Wolfe and Mr. Dembo rejected Ms. Wolkenberg's respective offers.

## COUNT I
## VIOLATION OF ILLINOIS MINIMUM WAGE LAW
### (Against Much Shelist, Harold Dembo, Michael Wolfe)

47.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 46 as paragraph 47 of this Count I.

48.     Ms. Wolkenberg was an employee of Much Shelist who was not paid full compensation for all work performed, in violation of the minimum wage provisions of the IMWL, 820 Ill. Comp. Stat. 105/1 *et seq.*

7

49.    At all relevant times herein, Defendants have been an "employer" as defined in the IMWL, 820 Ill. Comp. Stat. 105/3(c) and Plaintiff was an "employee" within the meaning of the IMWL.

50.    Pursuant to the IMWL, Plaintiff was entitled to be compensated for all work performed for the benefit of Defendants.

51.    It was the practice and policy of Defendants to not compensate Plaintiff at one and a half times her regular rate for hours worked in excess of forty (40) hours per week, in violation of 820 Ill. Comp. Stat. 105/4a.

52.    The Court should determine the rights and remedies of Plaintiff for back pay and damages pursuant to 820 Ill. Comp. Stat. 105/12 and prejudgment interest pursuant to 815 Ill. Comp. Stat. 205/2. The Court should further direct the Defendants to account for all of said back wages and prejudgment interest thereon due Plaintiff. The Court should further order Defendants to comply with the Illinois Minimum Wage Act in the future.

53.    The books and records of Defendant Much Shelist are material to the case as they disclose the hours worked by Plaintiff and what she was paid.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Wolkenberg, asks the Court to enter judgment in her favor, and against Defendants, both jointly and severally, for the following relief:

A.    Ordering Defendants to make an accounting of all the hours worked and wages paid to Plaintiff for the period from March 1, 2008 to the present;

B.    Entering a monetary judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*;

8

C.      Entering a monetary judgment for additional damages in the amount of 2% of the amount of any such back wages for each month following the date of payment during which such back wages remain unpaid, as provided by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/12(a) (2006);

D.      Ordering the Defendants to comply with the Minimum Wage Law in the future;

E.      Entering a monetary judgment for reasonable attorney fees and costs of this action pursuant to Attorneys Fees in Wage Actions Act, 705 ILCS 225;

F.      Entering an award for prejudgment interest as provided by 815 Ill. Comp. Stat. 205/2; and

G.      Such other and further relief as the Court may deem just and equitable.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (Against Much Shelist, Harold Dembo, Michael Wolfe)

54.      Plaintiff incorporates by reference the allegations of paragraphs 1 through 53 as paragraph 54 of this Count II.

55.      Much Shelist refused to pay Plaintiff for certain hours worked as required under the IWPCA from March 1, 2008 to the present date.

56.      The Defendants are obligated to pay Plaintiff for said labor, and pursuant to the Illinois Wage Payment Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.*, Plaintiff is entitled to be paid her wages.

57.      The Defendants are employers of Plaintiff within the meaning of the IWPCA in that, among many other things, Plaintiff performed labor services for Much Shelist. Defendants controlled how many hours Plaintiff worked, whether she was paid for all hours worked, and whether she was paid time and one-half her regular rate of pay for hours worked in excess of forty (40) in a week.

9

58.    Plaintiff was not paid for all hours worked. Thus, Much Shelist has wrongfully converted Plaintiff's wages for its own use.

59.    The Defendants failed, neglected or refused to pay Plaintiff during the period from March 1, 2008 to the present pursuant to 820 Ill. Comp. Stat. 115/4; and, as a direct and proximate result thereof, Plaintiff has been damaged in a currently unknown amount.

60.    As of the present day, the Defendants have failed to pay such unpaid wages.

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Wolkenberg, complaining of the Defendants, respectfully requests that this Court enter judgment in her favor, and against Defendants, both jointly and severally, for the following relief:

A.    Ordering the Defendants to make an accounting of all the hours worked and wages paid to Plaintiff for the period from March 1, 2008 to the present;

B.    Ordering the Defendants to comply with the Illinois Wage Payment and Collection Act in the future;

C.    Entering a monetary judgment in favor of Plaintiff and against each of the Defendants both jointly and severally for the back wages due under the Wage Payment and Collection Act, plus prejudgment interest at the statutory rate pursuant to 815 Ill. Comp. Stat. 205/2;

D.    Entering a monetary judgment for reasonable attorney fees and costs of this action pursuant to Attorneys Fees in Wage Actions Act, 705 ILCS 225;

E.    Such other and further relief as may be just in law and in equity.

**COUNT III – FEDERAL FAIR LABOR STANDARDS ACT**
**(Against Much Shelist, Harold Dembo, Michael Wolfe)**

61.    Plaintiff Wolkenberg incorporates and realleges each and every allegation of Count I and Count II as though fully set forth herein.

62.     At any and all times relevant hereto, Defendant Much Shelist was, and still is, an "enterprise" and an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the Fair Labor Standards Act, 29 U.S.C. § 203 (r) and (s).

63.     Much Shelist is and at all relevant times was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

64.     Harold Dembo and Michael Wolfe are and at all relevant times were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) in that they were acting directly and indirectly in the interest of Much Shelist in relation to Ms. Wolkenberg and exercised control over the nature and structure of Ms. Wolkenberg's employment relationship with Much Shelist.

65.     At any and all times relevant hereto, Ms. Wolkenberg was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. § 203(e).

66.     Plaintiff Wolkenberg is entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all time worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

67.     Plaintiff Wolkenberg is entitled to compensation for all time spent for the benefit of her employer for which she was not compensated.

68.     The Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, the Defendants' failure to pay compensation at the rate of one and one-half for all time worked over forty (40) in a workweek and their failure to compensate Plaintiff for time spent working are intentional violations of the FLSA.

69.     In denying Plaintiff compensation at a rate of one and one-half times her regular rate of pay for time worked over forty (40) in a workweek, the Defendants' acts were not based upon good faith or reasonable grounds.

11

70.     As a direct and proximate result thereof, there is due to Plaintiff, back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

<strong>PRAYER FOR RELIEF</strong>

**WHEREFORE** Plaintiff Wolkenberg, complaining of the Defendants, ask the Court to enter judgment in her favor, and against the Defendants, both jointly and severally, for the following relief:

A.      For a judgment for all back wages due from March 1, 2008 to the present in accordance with 29 U.S.C. §§ 206 and 207 and an additional, equal amount in liquidated damages, as provided by 29 U.S.C. § 216;

B.      For reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216; and

C.      Such other and further relief that this Court deems just under the circumstances.

<strong>COUNT IV – WILLFULL VIOLATION OF FLSA</strong><br/><strong>(Against Much Shelist, Harold Dembo, Michael Wolfe)</strong>

71.     Plaintiff Wolkenberg repeats and realleges each and every allegation of Counts I, II and III as though fully set forth herein.

72.     At all times relevant hereto, the action of the Defendants to not pay for all hours worked was willful in that the Defendants knew that the FLSA requires every employer to pay employees for all hours worked.

73.     At all times relevant hereto the action of the Defendants to not pay time and one-half for all hours worked over forty (40) in a week was willful in that among other things:

a.      The Defendants knew that the FLSA required every employer to pay time and one-half for all hours worked over 40 in a week; and

12

b.     The Defendants created a scheme to intentionally violate the FLSA by ordering Plaintiff to work overtime without providing compensation for those hours worked above and beyond 40 per week.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Wolkenberg, complaining of the Defendants, asks the Court to enter judgment in her favor, and against the Defendants, both jointly and severally, for the following relief:

A.     For a judgment for all back wages due, prejudgment interest in accordance with established federal case law and 815 Ill. Comp. Stat. 205/2 and liquidated damages, as provided by 29 U.S.C. § 216;

B.     For reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216; and

C.     Such other relief as the Court deems just under the circumstances.

Dated: March 1, 2011                                  Respectfully Submitted,

                                                     **CARIN WOLKENBERG**

                                             By: _____
                                                     Attorney for Plaintiff

Ruth I. Major
Laura Rawski
**The Law Offices of Ruth I. Major, PC**
225 W. Washington, Suite 2200
Chicago, Illinois 60606
Tel. (312) 893-7544
Firm No. 45037

13

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| CARIN WOLKENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No |
| | ) | |
| MUCH SHELIST DENENBERG AMENT & | ) | |
| RUBENSTEIN, P.C., an Illinois corporation; | ) | |
| HAROLD DEMBO, an individual; and | ) | |
| MICHAEL WOLFE, an individual. | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)**

Pursuant to Supreme Court Rule 222(B), counsel for above named Plaintiff certifies that Plaintiff seeks money damages not exceeding Fifty Thousand and 00/100ths Dollars ($50,000).

_____
Attorney for Plaintiff

# EXHIBIT A

# MajorLaw

THE LAW OFFICES OF RUTH I MAJOR P.C.
225 W WASHINGTON STREET, SUITE 2200
CHICAGO, ILLINOIS 60606
OFFICE: 312.893.7544
FAX: 312.698.9867

February 11, 2011

**VIA HAND DELIVERY AND EMAIL**

David T. Brown, Principal
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

**RE: Carin Wolkenberg**

Dear Mr. Brown:

As you know, we represent Carin Wolkenberg in connection with her former employment with Much Shelist. Pursuant to the Illinois Wage Payment and Collection Act and the Attorney Fees in Wage Actions Act, 705 ILCS 225/1, Ms. Wolkenberg is hereby demanding $29,864.52 to settle her wage claims with Much Shelist. Should your firm fail to comply with Ms. Wolkenberg's demand by close of business on February 15, 2011, she will file her claim on February 16. We look forward to hearing from you soon.

Very truly yours,

Ruth I. Major
Email: rmajor@major-law.com

RIM/dsz
cc:    Nadine Abrahams (*via email*)

# EXHIBIT B

# MajorLaw

THE LAW OFFICES OF RUTH I. MAJOR P.C.

225 W. WASHINGTON STREET, SUITE 2200

CHICAGO, ILLINOIS 60606

OFFICE: 312.893.7544

FAX: 312.698.9867

February 22, 2011

**VIA HAND DELIVERY AND EMAIL**

Michael Wolfe
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

**RE: Carin Wolkenberg**

Dear Mr. Wolfe:

We represent Carin Wolkenberg in connection with her former employment with Much Shelist. Pursuant to the Illinois Wage Payment and Collection Act and the Attorney Fees in Wage Actions Act, 705 ILCS 225/1, Ms. Wolkenberg is hereby demanding $2,986.45 to settle her wage claims with you. Should you not comply with Ms. Wolkenberg's demand by close of business on February 25, 2011, she will file her claim on February 28, 2011.

Very truly yours,

Ruth I. Major
Email: rmajor@major-law.com

RIM/dsz
cc:     Nadine Abrahams (*via email*)

EXHIBIT C

# MajorLaw

THE LAW OFFICES OF RUTH I. MAJOR P.C.

225 W. WASHINGTON STREET, SUITE 2200

CHICAGO, ILLINOIS 60606

OFFICE: 312.893.7544

FAX: 312.698.9867

February 22, 2011

**VIA HAND DELIVERY AND EMAIL**

Harold Dembo
Much Shelist
191 N. Wacker Drive, Suite 1800
Chicago, Illinois 60606

**RE: Carin Wolkenberg**

Dear Mr. Dembo:

We represent Carin Wolkenberg in connection with her former employment with Much Shelist. Pursuant to the Illinois Wage Payment and Collection Act and the Attorney Fees in Wage Actions Act, 705 ILCS 225/1, Ms. Wolkenberg is hereby demanding $19,411 to settle her wage claims with you. Should you not comply with Ms. Wolkenberg's demand by close of business on February 25, 2011, she will file her claim on February 28, 2011.

Very truly yours,

Ruth I. Major
Email: rmajor@major-law.com

RJM/dsz
cc:     Nadine Abrahams (*via email*)