## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CARIN WOLKENBERG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:11-cv-02507 |
| | ) |
| MUCH SHELIST DENENBERG AMENT & | ) Judge Marvin E. Aspen |
| RUBENSTEIN, P.C. an Illinois corporation; | ) |
| HAROLD DEMBO, an individual; and | ) Magistrate Judge Sheila M. Finnegan |
| MICHAEL WOLFE, an individual, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT

Defendants MUCH SHELIST DENENBERG AMENT & RUBENSTEIN, P.C. ("Much Shelist") HAROLD DEMBO ("Dembo"), and MICHAEL WOLFE ("Wolfe"), (collectively referred to as "Defendants"), by and through their attorneys, Jackson Lewis LLP, hereby assert their answers and defenses to Plaintiff CARIN WOLKEBERG'S (hereinafter "Plaintiff"), Complaint, as follows:

### NATURE OF THE CASE

1.      Carin Wolkenberg was hired as a paralegal in the commercial real estate department at Much Shelist in April 2007. Every day, she was required to sign in and sign out, giving Much Shelist written documentation of the hours she worked.

**ANSWER:**

Defendants admit that Carin Wolkenbeng ("Plaintiff") was hired as a paralegal in the commercial real estate department at Defendant Much Shelist. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1. Defendant Much Shelist admits that Plaintiff was required

to sign in and sign out every day. Defendant Much Shelist denies the remaining allegations of Paragraph 1.

    2.    In the instances she worked less than 40 hours per week for reasons other than when she took sick leave, Much Shelist required that vacation time be used for the missing hours.

**ANSWER:**

    Defendant Much Shelist admits that in weeks where Plaintiff worked less than a full work week for reasons other than when she took sick leave, Much Shelist required that vacation time be used for missing hours. Much Shelist denies the remaining allegations of Paragraph 2. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

    3.    In the instances in which she worked more than 40 hours per week, Much Shelist required Ms. Wolkenberg to enter that time into a separate computer program in addition to recording the time on the sign-in sheets. Once the time was entered in, the entry was saved and automatically sent to a billing partner at the firm for computerized approval. If the partner decided to approve the overtime in the system, Ms. Wolkenberg was paid, If the billing partner did not approve the overtime in the system, Ms. Wolkenberg was not paid, despite the fact that the partner was aware she was working overtime, was billing for the work she performed overtime, and expected that she perform the overtime work to meet the partner's deadlines.

**ANSWER:**

    Defendants admit that Plaintiff was required to enter her overtime hours worked into the Overtime Timetrack program. Defendants further admit that after entering her time, the entry was sent to the appropriate individuals for approval. Defendant Much Shelist admits that Plaintiff was paid for all overtime hours worked. Defendant Much Shelist denies the remaining allegations of Paragraph 3.

    Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

    4.    Ms. Wolkenberg learned early on in her tenure at Much Shelist that certain partners, including Mr. Dembo, did not think that paralegals should be paid overtime. They made

clear to her that her job would be in danger if she persisted in asking that she be paid for all of the work she had been ordered to do. Through this action, Ms. Wolkenberg seeks relief for violation of the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage Law, and the Fair Labor Standards Act.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq.* ("IWPCA"), and the Illinois Minimum Wage Law 820 111. Comp. Stat. 105/1 *et seq.* ("IMWL"). Defendants deny that they violated the FLSA, the IWPCA or the IMWL, and deny that Plaintiff is entitled to overtime damages.

Defendants deny that they thought that paralegals should not be paid for overtime and further deny that they "made clear to her that her job would be in danger if she persisted in asking that she be paid for all of the work she had been ordered to do." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4.

## THE PARTIES

5.  Plaintiff Carin Wolkenberg is a resident of Illinois.

**ANSWER:**

Defendants admit the allegations of Paragraph 5.

6.  Defendant Much Shelist Denenberg Ament & Rubenstein, P.C., is an Illinois corporation headquartered in Chicago, Illinois.

**ANSWER:**

Defendants admit the allegations of Paragraph 6.

7.  Defendant Harold Dembo is a resident of Illinois and an equity partner in Much Shelist.

**ANSWER:**

Defendants admit that Defendant Dembo is a principal at Much Shelist and a resident of Illinois. Defendants deny the remaining allegations of Paragraph 7.

8.     Defendant Michael Wolfe is a resident of Illinois and an equity partner in Much Shelist.

**ANSWER:**

Defendants admit that Defendant Wolfe is a principal at Much Shelist and a resident of Illinois. Defendants deny the remaining allegations of Paragraph 8.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this matter as Ms. Wolkenberg, Mr. Dembo and Mr. Wolfe are all residents of Illinois and Defendant Much Shelist is an Illinois corporation.

**ANSWER:**

Defendants do not contest that jurisdiction for this action arises under provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Defendants deny that they committed any unlawful employment practices.

10.     Venue is proper in this district pursuant to 735 ILCS 5/2-101 because some or all of the predominant transactions at issue took place in Cook County.

**ANSWER:**

Defendants do not contest that venue for this action lies in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b). Defendants deny that they committed any unlawful employment practices. The remaining allegations of Paragraph 10 assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny all remaining allegations.

4

## FACTS COMMON TO ALL COUNTS

11.     Ms. Wolkenberg was employed as a paralegal at Much Shelist from April 2007 until May 2010. In that position, she was not required to have a degree from a four-year college nor was the position considered a management position and she did not supervise any staff.

**ANSWER:**

Defendants admit that Plaintiff was employed by Defendant Much Shelist as a paralegal and she was terminated in May 2010. Defendant Much Shelist admits the second sentence of Paragraph 11. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 11. Defendants deny the remaining allegations of Paragraph 11.

12.     Ms. Wolkenberg spent nearly all of her time working on commercial real estate closings. Any specialized training she had in real estate came through her work as a paralegal.

**ANSWER:**

Defendants admit that Plaintiff spent the majority of her time working on real estate transactions, which includes real estate closings. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 because the term "specialized training" is vague.

13.     Whether she had work assignments was contingent on a partner asking that she get involved in a closing. During her tenure at Much Shelist, approximately 65% of her work was done for Harold Dembo. Approximately 10% of her work was for Michael Wolfe.

**ANSWER:**

Defendant Much Shelist denies the first sentence of Paragraph 13. Defendant Much Shelist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13. Defendants Dembo and Wolfe lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14. All of her work was done under the supervision of an attorney and was primarily focused on preparing and reviewing forms related to the closing.

**ANSWER:**

Defendants admit the allegation of Paragraph 14 that Plaintiff's work was done under the supervision of an attorney. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 because the terms "primarily focused" and "closing" are vague and ambiguous. To the extent that an answer is required, Defendants deny the remaining allegations of Paragraph 14.

15. Because the work was time sensitive, Ms. Wolkenberg often had to work more than 40 hours per week.

**ANSWER:**

Defendants admit that, at times, the work performed by Plaintiff was time sensitive. Defendant Much Shelist denies the remaining allegations of Paragraph 15. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15.

16. In 2008, 2009 and part of 2010, Ms. Wolkenberg routinely worked in excess of 40 hours per week and was among the most productive paralegals in the firm.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 16. Defendants Dembo and Wolfe lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. Ms. Wolkenberg was paid a salary that presumed she worked 40 hours per week.

6

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 17. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     Each day she came to work, she was required to sign in upon her arrival, sign out if she took a lunch break, sign back in when done with lunch, and sign out when she left for the day.

**ANSWER:**

Defendant Much Shelist admits the allegations of Paragraph 18. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     Those sign-in sheets were sent to Human Resources, the department that oversaw payment.

**ANSWER:**

Defendant Much Shelist admits that the sign-in sheets are kept by Much Shelist's Human Resources department. Defendant Much Shelist is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 because the term "oversaw payment" is vague and ambiguous. To the extent and answer is required, Defendant Much Shelist denies the remaining allegations of Paragraph 19.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.     In weeks that she worked less than 40 hours for reasons other than sick leave, she had to apply her vacation time to however many hours less than 40 she had worked.

**ANSWER:**

Defendant Much Shelist admits that in weeks where Plaintiff worked less than a full work week for reasons other than when she took sick leave, Much Shelist required that

7

vacation time be used for missing hours. Much Shelist denies the remaining allegations of Paragraph 20.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

21. When Ms. Wolkenberg worked more than 40 hours in a week, even though Much Shelist knew from her time sheets that she had done so, she was required to fill out an online form requesting overtime pay.

**ANSWER:**

Defendants admit that Plaintiff was required to enter her overtime hours worked into the Overtime Timetrack program. Defendant Much Shelist denies the remaining allegations of Paragraph 21. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21.

22. If Ms. Wolkenberg did not specifically request that she be paid overtime for the work she had already done, Much Shelist did not pay her.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 22. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Upon entering her hours indicating she had worked overtime, she still was not paid for those hours unless a billing partner at the firm approved it in the computer system, despite the fact that the partners with whom she was working were aware she was working overtime, billed for her overtime work, and expected her to work the overtime to meet the partners' deadlines.

**ANSWER:**

Defendants admit Plaintiff's time entries entered into the Overtime Timetrack program needed approval from the appropriate individuals. Defendant Much Shelist affirmatively states that Plaintiff was properly compensated for all overtime work performed.

Defendants deny the remaining allegations of Paragraph 23. Defendants Dembo and Wolfe lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23.

24.     It did not matter which lawyer assigned the overtime work to Ms. Wolkenberg, only the billing partner on a particular case could actually approve the payment for that overtime work. In many instances, nobody even told Ms. Wolkenberg who the billing partner was on a particular case she was assigned to work on.

**ANSWER:**

Defendant Much Shelist denies the allegations in the first sentence of Paragraph 24. Defendant Much Shelist is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 24. Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25.     If the partner approved it in the computer system, the overtime pay showed up in her next paycheck.   If the partner did not approve it in the computer, the money was not paid.

**ANSWER:**

Defendant Much Shelist admits that once Plaintiff's overtime entries were approved in the Overtime Timetrack program, Plaintiff's overtime pay would appear on her next paycheck. Defendant Much Shelist denies the remaining allegations of Paragraph 25.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     In other words, if Ms. Wolkenberg worked overtime, she was not paid unless she kept track of her time and entered the hours into a system in addition to the time sheets she filled out. If she entered the time into that system, she was not paid unless a partner approved it. And if the partner refused to approve it, nobody at Much Shelist told Ms. Wolkenberg. It was up to her to notice whether she was paid for it and if she was not, the onus was on her to do something about it.

9

**ANSWER:**

Defendants admit that Plaintiff was required to enter her overtime hours worked into the Overtime Timetrack program. Defendants further admit that after entering her time, the entry was sent to the appropriate individuals for approval and Plaintiff was properly paid for all overtime hours worked. Defendant Much Shelist further admits that Plaintiff was required to bring any errors in her paycheck to the attention of Payroll consistent with Defendant Much Shelist's policy. Defendant Much Shelist denies the remaining allegations of Paragraph 26.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26.

27. Early in Ms. Wolkenberg's tenure in 2007, she had to work overtime to finish work assigned to her by Mr. Dembo. She worked the requisite hours and filled out the online form.

**ANSWER:**

Defendants Much Shelist and Dembo admit that in 2007, Plaintiff worked overtime on projects assigned by Mr. Dembo. Defendants Much Shelist and Dembo lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

Defendant Wolfe lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Mr. Dembo was an employer of Ms. Wolkenberg's in that he acted directly or indirectly in the interest of Much Shelist in relation to Ms. Wolkenberg.

**ANSWER:**

The allegations in Paragraph 28 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information

10

sufficient to form a belief as to the truth of the allegations in Paragraph 28 because the term "in the interest of Much Shelist in relation to" Plaintiff is vague and ambiguous.

       29.    Upon receiving her next paycheck, she noticed that she had not been paid for her overtime hours and she asked Carol Restivo about it. Ms. Restivo stated that Ms. Wolkenberg would need to speak to Mr. Dembo about it. When Ms. Wolkenberg approached Mr. Dembo, he responded that he would get to it.

**ANSWER:**

       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 because the allegations are vague and ambiguous.

       30.    When the next paycheck came and she still was not compensated for her overtime hours, Ms. Wolkenberg raised the issue again with Carol Restivo, who had to intervene.

**ANSWER:**

       Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 because the allegations are vague and ambiguous.

       31.    Ms. Wolkenberg was finally paid for the overtime she worked but was soon approached by Mr. Dembo who told her that she should not have asked for overtime and said that at his previous law firm, paralegals were not paid overtime.

**ANSWER:**

       Defendant Much Shelist affirmatively states that Plaintiff was properly paid for overtime hours worked. Defendant Much Shelist is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 31.

       Defendant Dembo denies that he approached Plaintiff and told her that she should not have asked for overtime and said that at his previous law firm, paralegals were not paid overtime. Defendant Dembo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

       Defendant Wolfe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32.     Mr. Dembo then waited approximately a month before he gave Ms. Wolkenberg more work to do, sending the clear message that she should not ask for overtime pay if she wanted to get enough billable hours to keep her job.

**ANSWER:**

Defendants Much Shelist and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32. Defendant Dembo denies the allegations of Paragraph 32.

33.     Not long thereafter in 2007, Ms. Wolkenberg did some overtime work for Michael Wolfe, another partner at the firm, and entered the appropriate information into the online program.

**ANSWER:**

Defendants Wolfe and Much Shelist admit that Plaintiff did perform some overtime work for Defendant Wolfe. Defendants Wolfe and Much Shelist are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 because the allegations are vague and ambiguous.

Defendant Dembo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     When she was not paid for that work, Ms. Wolkenberg approached Mr. Wolfe who simply told her he was refusing to sign off on her overtime hours.

**ANSWER:**

Defendant Wolfe denies the allegations in Paragraph 34.

Defendants Much Shelist and Dembo are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.     Mr. Wolfe was an employer of Ms. Wolkenberg's in that he acted directly or indirectly in the interest of Much Shelist in relation to Ms. Wolkenberg.

**ANSWER:**

      The allegations in Paragraph 35 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 because the term "in the interest of Much Shelist in relation to" Plaintiff is vague and ambiguous.

      36.    Throughout her tenure at Much Shelist, numerous attorneys who were not billing partners assigned work to Ms. Wolkenberg that required her to work overtime. Those attorneys include, but are not limited to, Gary Auerbach, Jonathan Ruby, and Myles Cochran.

**ANSWER:**

      Defendants admit that Plaintiff was assigned work by various attorneys at Much Shelist. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 because the allegations are vague and ambiguous.

      37.    In the case of Mr. Auerbach, who Ms. Wolkenberg did a substantial amount of work for, when Ms. Wolkenberg asked him about overtime pay, he explicitly told her that he was authorized to order her to perform overtime work, but he was not authorized by the firm to sign her overtime request because he was not a partner.

**ANSWER:**

      Defendant Much Shelist admits that Plaintiff did work with Mr. Auerbach while employed by Defendant Much Shelist. Defendant Much Shelist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 37.

      Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

      38.    Eventually, Ms. Wolkenberg returned to Ms. Restivo to say she did not want to have to both figure out which partners could authorize the overtime Ms. Wolkenberg had already been ordered to work and have to fight with the partners about whether they were the ones who had to authorize it and whether they should. Ms. Restivo replied that that was the system at Much Shelist.

**ANSWER:**

Defendant Much Shelist denies the allegations in the last sentence of Paragraph 38. Defendant Much Shelist lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.     By late 2007, Ms. Wolkenberg came to realize that if she wanted to continue to work at Much Shelist, she was going to have to work overtime hours without getting compensated for them.

**ANSWER:**

The allegations of Paragraph 39 assert Plaintiff's realizations, and therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant Much Shelist denies that Plaintiff worked overtime for which she was not compensated.

40.     At some point in mid to late 2008, that was confirmed at a meeting with Steven DeGraff, a partner who is also on the Executive Committee. Mr. DeGraff summoned all of the firm's paralegals to explain the rules at Much Shelist, which included not getting paid for overtime. When questioned, Mr. DeGraff commented that that was how things worked there, that the paralegals should be glad they have jobs, and that there were 10 people waiting for each job so they were all easily replaceable.

**ANSWER:**

Defendants admit that Steven DeGraff, is a Principal at Much Shelist on the Management Committee. Defendant Much Shelist affirmatively states that a meeting was held by Steven DeGraff with the firm's paralegals in June 2008. Defendant Much Shelist denies the remaining allegations of Paragraph 40.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     Ms. Wolkenberg estimates that she worked a minimum of 490 hours of overtime for which she not compensated from March 1, 2008 until she was terminated.

**ANSWER:**

The allegations of Paragraph 41 assert Plaintiff's estimations, and therefore, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendant Much Shelist denies that Plaintiff worked overtime for which she was not compensated.

42.     On February 11, 2011, Ms. Wolkenberg, through counsel, sent a letter to Much Shelist pursuant to 705 ILCS 225/1. In that letter, Ms. Wolkenberg demanded $29,864.52 to settle her wage claims with Much Shelist. (A true and correct copy of this letter is attached hereto as Exhibit A).

**ANSWER:**

Defendant Much Shelist admits that Exhibit A purports to be a true and correct copy of the letter dated February 11, 2011 sent to Defendant Much Shelist regarding Plaintiff's demand to settle her wage claims against Much Shelist. Defendant Much Shelist is without knowledge or information sufficient to form a belief as to when Plaintiff's counsel sent Much Shelist the demand. Defendant Much Shelist admits the remaining allegations of Paragraph 42.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43.     On February 15, 2011, through counsel, Much Shelist rejected Ms. Wolkenberg's offer.

**ANSWER:**

Defendant Much Shelist admits the allegations of Paragraph 43.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     On February 22, 2011, Ms. Wolkenberg, through counsel, sent a letter to Michael Wolfe pursuant to 705 JLCS 225/1. In that letter, Ms. Wolkenberg demanded $2,986.45

15

to settle her wage claims with Mr. Wolfe. (A true and correct copy of this letter is attached hereto as Exhibit B).

**ANSWER:**

Defendants Much Shelist and Wolfe admit that Exhibit B purports to be a true and correct copy of the letter dated February 22, 2011 addressed to Defendant Wolfe regarding Plaintiff's demand to settle her wage claims against Wolfe. Defendants Much Shelist and Wolfe are without knowledge or information sufficient to form a belief as to when Plaintiff's counsel sent Wolfe the demand. Defendants Much Shelist and Wolfe admit the remaining allegations of Paragraph 44.

Defendant Dembo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. On February 22, 2011, Ms. Wolkenberg, through counsel, sent a letter to Harold Dembo pursuant to 705 JLCS 225/1. In that letter, Ms. Wolkenberg demanded $19,411 to settle her wage claims with Mr. Dembo. (A true and correct copy of this letter is attached hereto as Exhibit C).

**ANSWER:**

Defendants Much Shelist and Dembo admit that Exhibit C purports to be a true and correct copy of the letter dated February 22, 2011 addressed to Defendant Dembo regarding Plaintiff's demand to settle her wage claims against Dembo. Defendants Much Shelist and Dembo are without knowledge or information sufficient to form a belief as to when Plaintiff's counsel sent Dembo the demand. Defendants Much Shelist and Dembo admit the remaining allegations of Paragraph 45.

Defendant Wolfe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. On February 24, 2011, through counsel, Mr. Wolfe and Mr. Dembo rejected Ms. Wolkenberg's respective offers.

16

**ANSWER:**

Defendants admit the allegations of Paragraph 46.

**COUNT I**
**VIOLATION OF ILLINOIS MINIMUM WAGE LAW**
**(Against Much Shelist, Harold Dembo, Michael Wolfe)**

47.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 46 as paragraph 47 of this Count I.

**ANSWER:**

Defendants incorporate by reference the answers to Paragraphs 1 through 46 as if fully set forth herein, as its answer to Paragraph 47 of Count I.

48.     Ms. Wolkenberg was an employee of Much Shelist who was not paid full compensation for all work performed, in violation of the minimum wage provisions of the IMWL, 820 111. Comp. Stat. 105/1 *et seq.*

**ANSWER:**

Defendants admit that Plaintiff was an employee of Much Shelist.   Defendant Much Shelist denies the remaining allegations of Paragraph 48.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48.

49.     At all relevant times herein, Defendants have been an "employer" as defined in the IMWL, 820 111. Comp. Stat. 105/3(c) and Plaintiff was an "employee" within the meaning of the IMWL.

**ANSWER:**

The allegations of Paragraph 49 assert legal conclusions to which no answer is required.  To the extent a response is required, Defendants admit that Defendant Much Shelist is an "employer" and Plaintiff is a "employee" within the meaning of the IMWL.  Defendants deny the remaining allegations of Paragraph 49.

50.     Pursuant to the IMWL, Plaintiff was entitled to be compensated for all work performed for the benefit of Defendants.

**ANSWER:**

The allegations of Paragraph 50 assert legal conclusions to which no answer is required. To the extent a response is required, Defendants admit the allegations of Paragraph 50.

51.     It was the practice and policy of Defendants to not compensate Plaintiff at one and a half times her regular rate for hours worked in excess of forty (40) hours per week, in violation of 820 111. Comp. Stat. 1 05/4a.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 51.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51. Defendants Dembo and Wolfe deny that they engaged in any violations of state or federal law relative to the payment of overtime.

52.     The Court should determine the rights and remedies of Plaintiff for back pay and damages pursuant to 820 Ill. Comp. Stat. 105/12 and prejudgment interest pursuant to 815 Ill. Comp. Stat. 205/2. The Court should further direct the Defendants to account for all of said back wages and prejudgment interest thereon due Plaintiff. The Court should further order Defendants to comply with the Illinois Minimum Wage Act in the future

**ANSWER:**

Defendants deny that they violated the IMWL or any federal, state or local law and therefore, deny the allegations of Paragraph 52.

53.     The books and records of Defendant Much Shelist are material to the case as they disclose the hours worked by Plaintiff and what she was paid.

**ANSWER:**

Defendant Much Shelist admits that certain records disclose Plaintiff's compensation. Defendant Much Shelist denies the remaining allegations of Paragraph 53, including all relief requested in the wherefore clause.

18

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53.

### COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
#### (Against Much Shelist, Harold Dembo, Michael Wolfe)

54.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 53 as paragraph 54 of this Count II.

**ANSWER:**

Defendants incorporate by reference the answers to Paragraphs 1 through 53 as if fully set forth herein, as its answer to Paragraph 54 of Count II.

55.     Much Shelist refused to pay Plaintiff for certain hours worked as required under the IWPCA from March 1, 2008 to the present date.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 55.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55. Defendants Dembo and Wolfe deny that they violated the IWPCA.

56.     The Defendants are obligated to pay Plaintiff for said labor, and pursuant to the Illinois Wage Payment Collection Act, 820 Ill. Comp. Stat. 115/1, et seq., Plaintiff is entitled to be paid her wages.

**ANSWER:**

The allegations of Paragraph 56 assert legal conclusions to which no answer is required. To the extent a response is required, Defendants admit that the IWPCA entitles Plaintiff to compensation for work performed. Defendant Much Shelist affirmatively states that Plaintiff was properly compensated for all work performed and therefore denies the remaining allegations of Paragraph 56.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

57.     The Defendants are employers of Plaintiff within the meaning of the IWPCA in that, among many other things, Plaintiff performed labor services for Much Shelist. Defendants controlled how many hours Plaintiff worked, whether she was paid for all hours worked, and whether she was paid time and one-half her regular rate of pay for hours worked in excess of forty (40) in a week.

**ANSWER:**

The allegations of Paragraph 57 assert legal conclusions to which no answer is required. To the extent a response is required, Defendants admit the Defendant Much Shelist is an "employer" within the meaning of the IWPCA. Defendants deny the remaining allegations of Paragraph 57.

58.     Plaintiff was not paid for all hours worked. Thus, Much Shelist has wrongfully converted Plaintiff's wages for its own use.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 58.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

59.     The Defendants failed, neglected or refused to pay Plaintiff during the period from March 1, 2008 to the present pursuant to 820 Ill. Comp. Stat. 115/4; and, as a direct and proximate result thereof, Plaintiff has been damaged in a currently unknown amount.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 59.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

60. As of the present day, the Defendants have failed to pay such unpaid wages.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 60, including all relief requested in the wherefore clause.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

### COUNT III – FEDERAL FAIR LABOR STANDARDS ACT
### (Against Much Shelist, Harold Dembo, Michael Wolfe)

61. Plaintiff Wolkenberg incorporates and realleges each and every allegation of Count I and Count II as though fully set forth herein.

**ANSWER:**

Defendants incorporate by reference the answers to Count I and Count II as if fully set forth herein, as its answer to Paragraph 61.

62. At any and all times relevant hereto, Defendant Much Shelist was, and still is, an "enterprise" and an "enterprise engaged in commerce" as defined by Sections 3(r) and (s) of the Fair Labor Standards Act, 29 U.S.C. § 203 (r) and (s).

**ANSWER:**

Defendants admit that Defendant Much Shelist is engaged in commerce. The remaining allegations assert legal conclusions to which no response is required. To the extent a response is required, Defendants admit the remaining allegations of Paragraph 62.

63. Much Shelist is and at all relevant times was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:**

The allegations of Paragraph 63 assert legal conclusions to which no answer is required. To the extent a response is required, Defendants admit the allegations of Paragraph 63.

64.     Harold Dembo and Michael Wolfe are and at all relevant times were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) in that they were acting directly and indirectly in the interest of Much Shelist in relation to Ms. Wolkenberg and exercised control over the nature and structure of Ms. Wolkenberg's employment relationship with Much Shelist.

**ANSWER:**

The allegations of Paragraph 64 assert legal conclusions to which no answer is required.  To the extent an answer is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 because the term "in the interest of Much Shelist in relation to" Plaintiff is vague and ambiguous.

65.     At any and all times relevant hereto, Ms. Wolkenberg was an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. § 203(e).

**ANSWER:**

The allegations of Paragraph 65 assert legal conclusions to which no answer is required. To the extent a response is required, Defendants admit the allegations of Paragraph 65.

66.     Plaintiff Wolkenberg is entitled to compensation at a rate not less than one and one- half times their [sic] regular rate of pay for all time worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this action.

**ANSWER:**

The allegations of Paragraph 66 assert legal conclusions to which no answer is required.

67.     Plaintiff Wolkenberg is entitled to compensation for all time spent for the benefit of her employer for which she was not compensated.

**ANSWER:**

Defendant Much Shelist affirmatively states that Plaintiff was properly compensated for overtime work performed. Therefore, Defendant Much Shelist denies the allegations of Paragraph 67.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

68.  The Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, the Defendants' failure to pay compensation at the rate of one and one-half for all time worked over forty (40) in a workweek and their failure to compensate Plaintiff for time spent working are intentional violations of the FLSA.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 68.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

69.  In denying Plaintiff compensation at a rate of one and one-half times her regular rate of pay for time worked over forty (40) in a workweek, the Defendants' acts were not based upon good faith or reasonable grounds.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 69.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

70.  As a direct and proximate result thereof, there is due to Plaintiff, back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

**ANSWER:**

Defendant Much Shelist denies the allegations of Paragraph 70, including all relief requested in the wherefore clause.

Defendants Dembo and Wolfe are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70. Defendants Dembo and Wolfe deny that they violated the IWPCA or any other state or federal statute.

**COUNT IV – WILLFULL VIOLATION OF FLSA**
**(Against Much Shelist, Harold Dembo, Michael Wolfe)**

71.     Plaintiff Wolkenberg repeats and realleges each and every allegation of Counts I, II and III as though fully set forth herein.

**ANSWER:**

Defendants incorporate by reference the answers to each and every allegation of Counts I, II and III as if fully set forth herein, as its answer to Paragraph 71.

72.     At all times relevant hereto, the action of the Defendants to not pay for all hours worked was willful in that the Defendants knew that the FLSA requires every employer to pay employees for all hours worked.

**ANSWER:**

Defendants deny the allegations of Paragraph 72.

73.     At all times relevant hereto the action of the Defendants to not pay time and one-half for all hours worked over forty (40) in a week was willful in that among other things:

> a.     The Defendants knew that the FLSA required every employer to pay time and one-half for all hours worked over 40 in a week; and
>
> b.     The Defendants created a scheme to intentionally violate the FLSA by ordering Plaintiff to work overtime without providing compensation for those hours worked above and beyond 40 per week.

**ANSWER:**

Defendants deny the allegations in Paragraph 73.

24

**DEFENSES**

Defendants assert the following defenses without prejudice to its right to argue that Plaintiff bears the burden of proof as to each or any of them:

**FIRST DEFENSE**

The claims of Plaintiff are barred in whole or in part by the applicable statute(s) of limitations.

**SECOND DEFENSE**

A two-year rather than a three-year statute of limitations applies to Count III and Count IV because Defendants did not engage in a willful violation of the FLSA.

**THIRD DEFENSE**

The Complaint is barred, in whole or in party, by the doctrine of payment, as Plaintiff has been properly compensated.

**FOURTH DEFENSE**

Defendants acted reasonably and in good faith at all times, pursuant to 29 U.S.C. § 259(a), and, therefore, Plaintiff's claims are barred in whole or in part.

**FIFTH DEFENSE**

Plaintiff is precluded from recovering statutory, liquidated, or punitive damages, either in whole or in part, because Defendants acted in good faith and had reasonable grounds for believing it fully complied with applicable law.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrine of avoidable consequences and by Plaintiff's failure to notify her employer of having worked over time in any week without being compensated therefore.

## SEVENTH DEFENSE

Plaintiff's claims against Defendants Dembo and Wolfe are barred in whole or in part because they are not "Employers" as that term is defined by the IMWL, IWPCA, or the FLSA.

Respectfully submitted,

**MUCH SHELIST DENENBERG AMENT &
RUBENSTEIN, P.C.; HAROLD DEMBO; and
MICHAEL WOLFE**

Dated:  May 20, 2011

By:     /s/Nadine C. Abrahams_____
            One of Their Attorneys

Nadine C. Abrahams, Esq.
Stephanie E. Handler, Esq.
Jackson Lewis LLP
150 N. Michigan Avenue
Suite 2500
Chicago, IL 60601
Tel:  (312) 787-4949
Fax:  (312) 787-4995

26

## CERTIFICATE OF SERVICE

I, Nadine C. Abrahams, an attorney, certify that on this 20th day of May, 2011, I caused a true and correct copy of the foregoing Answer to Complaint to be filed with the Court by the Court's ECF/CM electronic filing protocols, and that same will therefore be electronically served upon counsel for Plaintiff, and served via first class mail, upon the following:

>Ruth I. Major
>Laura Rawski
>The Law Offices of Ruth I. Major, PC
>225 W. Washington
>Suite 2200
>Chicago, Illinois 60606

>>By:/s/ Nadine C. Abrahams _____
>>Nadine C. Abrahams

27